**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY ZAMARO, | CASE NO. 1:09-cv-00580-GSA PC |
| Plaintiff, | ORDER STRIKING REPLY TO ANSWER, AND DENYING MOTIONS |
| v. | (Docs. 18, 23, and 24) |
| G. MOONGA, et al., | |
| Defendants. | |

**Order on Miscellaneous Motions**

**I.      Introduction**

Plaintiff Sammy Zamaro, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 12, 2009.  The action is proceeding against Defendants Moonga, Akanno, Bedi, and Martinez for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, while Plaintiff was housed at Kern Valley State Prison in Delano, California.

On November 2, 2009, Defendants filed an answer, and on November 3, 2009, the Court issued a scheduling order.  On December 2, 2009, Plaintiff filed a motion seeking clarification of his responsibility with respect to responding to the answer and either the issuance of an informational order explaining the scheduling order or the appointment of counsel.  Defendants opposed the motion on December 3, 2009, and it has been deemed submitted.  Local Rule 230(l).

///

///

1

## II. Reply to Answer

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the right to file a reply to an answer, and the Court did not order that a reply be filed. Fed. R. Civ. P. 7(a)(7). Therefore, the reply to the answer filed by Plaintiff on December 17, 2009, will be stricken from the record.

## III. Motion for Clarification

With respect to Plaintiff's request for an additional informational order, the Court cannot give Plaintiff legal advice, which includes providing Plaintiff with further details on how to conduct discovery. The First Informational Order; the Second Informational Order, Motion to Dismiss Notice, and Summary Judgment Notice; and the Discovery and Scheduling Order, all of which have been issued in this case, comprise the information provided to Plaintiff regarding applicable rules and requirements. The Court cannot provide further information, and notes that the orders are already written in plain language intended for non-attorneys.

## IV. Motion for Counsel

Regarding the appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with

similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for counsel is denied.

**V.     Motion Regarding Mail**

Finally, on December 17, 2009, Plaintiff filed a motion in which he states that Defendants' answer was opened by prison staff prior to delivery to him. Plaintiff seeks re-service of the asnwer, and for the Court to order Defendants to tell prison officials that their mail is confidential/legal mail. Plaintiff also reasserts his request for counsel.

For the reasons set forth in the preceding section, Plaintiff's request for counsel is denied.

While state prison regulations may more broadly define what constitutes legal mail, under federal law, filings in this action, be they court orders or documents filed by Defendants, are a matter of public record and are not confidential legal mail. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Therefore, Plaintiff's request that prison officials be admonished to treat his mail relating to this action as confidential legal mail is denied, and Defendants are not required to re-serve their answer.[1]

**VI.    Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1.     Plaintiff's reply to Defendants' answer, filed December 17, 2009, is STRICKEN;

2.     Plaintiff's motion for clarification, filed December 2, 2009, is DENIED;

3.     Plaintiff's motions for the appointment of counsel, filed December 2, 2009, and December 17, 2009, are DENIED; and

///
///
///

---

[1] The time within which Defendants may respond has not yet expired. Local Rule 230(l). However, the Court does not require a response in this instance and the Court's order in no way prejudices Defendants. Therefore, the ruling is issued prior to the expiration of the time period within which to oppose the motion.

3

4. Plaintiff's motion for an order requiring Defendants to inform prison officials that their mail to Plaintiff must be treated as confidential legal mail, and for re-service of the answer, filed December 17, 2009, is DENIED.

IT IS SO ORDERED.

Dated: **December 21, 2009**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE