1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SAMMY ZAMARO,                              CASE NO. 1:09-cv-00580-SKO PC

10                     Plaintiff,             ORDER REQUIRING DEFENDANTS'
                                              COUNSEL TO SHOW CAUSE WHY
11         v.                                 SANCTIONS SHOULD NOT BE IMPOSED

12  G. MOONGA, et al.,                        (Docs. 49 and 50)

13                     Defendants.            THIRTY-DAY DEADLINE

14  _____/

15
16         Plaintiff Sammy Zamaro, a state prisoner proceeding pro se and in forma pauperis, filed this
17  action pursuant to 42 U.S.C. § 1983 on February 12, 2009.  The action is proceeding against
18  Defendants Moonga, Akanno, Bedi, and Martinez for violation of Plaintiff's rights under the Eighth
19  Amendment of the United States Constitution.  Plaintiff's claims arise from events which occurred
20  at Kern Valley State Prison in Delano, California.

21         Jury trial in this matter was set for April 5, 2011.  On February 10, 2011, Plaintiff and
22  Defendants Moonga, Akanno, Bedi, and Martinez's counsel of record, Michael Terhorst, appeared
23  by telephone for the trial confirmation hearing.  During the hearing, Mr. Terhorst notified the Court
24  that he does not represent Defendants Bedi and Martinez, despite having filed waivers of service,
25  an answer, and a notice of consent on their behalf.  (Docs. 16, 20, 22.)

26         After reviewing the record, the Court determined that on May 14, 2010, Mr. Terhorst filed
27  a motion for modification of the scheduling order only on behalf of Defendants Moonga and
28  Akanno, and Mr. Terhorst's subsequent filings were also made only on behalf of Defendants

1  Moonga and Akanno. (Doc. 29.) However, Mr. Terhorst did not explain the sudden cessation in the

2  representation of Defendants Bedi and Martinez or otherwise bring it to the Court's attention until

3  the hearing held on February 10, 2011.

4      As explained by Mr. Terhorst in his declaration filed on February 24, 2011, the error in

5  appearing on behalf of Defendants Bedi and Martinez resulted from the procedures in place relating

6  to the referral of cases to outside counsel by the Attorney General's Office. (Doc. 50.)  Notably,

7  however, Mr. Terhorst previously found himself in the same situation in case number 1:07-cv-

8  00603-AWI-DLB PC Rackliffe v. Rocha.[1]  Further, Mr. Terhorst became aware of the problem

9  sometime between December 3, 2009, and May 14, 2010, but he failed to bring the matter to the

10  Court's attention until February 10, 2011.  Notice of the issue at this late stage in the proceedings

11  has affected the scheduling order in place and precludes trial until the issues of service on

12  Defendants Bedi and Martinez are resolved.

13      When an attorney makes a misrepresentation to the Court, the Court has the discretion to

14  impose sanctions under 28 U.S.C. § 1927, Rule 11(c) of the Federal Rules of Civil Procedure, and/or

15  the Court's inherent authority.  In light of the circumstances in this case, the Court deems it

16  appropriate to require Mr. Terhorst to show cause why sanctions should not be imposed against him

17  for making an appearance in this action on behalf of parties he was not authorized to represent and

18  then failing to promptly bring the error to the Court's attention when it was discovered by him.

19      Based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date

20  of service of this order, Mr. Terhorst shall show cause why sanctions should not be imposed against

21  him. 28 U.S.C. § 1927; Fed. R. Civ. P. 11(c); Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111

22  S.Ct. 2123 (1991).

23

24  IT IS SO ORDERED.

25  **Dated:    March 22, 2011**              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE
26

27

28      [1] The Court takes judicial notice of the proceedings in the Rackliffe case, which included an order to show
to show cause filed on October 4, 2010.

2