# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY ZAMARO, | CASE NO. 1:09-cv-00580-SMS PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| v. | (ECF No. 52) |
| G. MOONGA, et al., | ORDER REQUIRING PLAINTIFF TO NOTIFY COURT OF INTENT TO RE-SERVE DEFENDANTS OR PROCEED ONLY AGAINST DEFENDANTS MOONGA AND AKANNO |
| Defendants. | |
| | THIRTY-DAY DEADLINE |

Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed February 12, 2009, against Defendants Moonga, Akanoo, Bedi, and Martinez for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 1.) On November 12, 2009, Defendants Moonga, Akanno, Bedi, and Martinez filed an answer to the civil rights complaint. During the telephonic trial confirmation hearing on February 10, 2011, counsel of record notified the court that, although he had filed waivers of service, an answer, and notice of consent on their behalf, he did not represent Defendants Bedi and Martinez. On March 23, 2011, an order was issued requiring Defendants' counsel to show cause why sanctions should not be imposed. (ECF No. 52.) Defendants counsel filed a declaration on April 21, 2011. (ECF No. 54.)

Defense counsel states that the answer was filed naming Defendants Bedi and Martinez to

protect their interest. At the time the answer was filed defense counsel anticipated that he would be representing all defendants. (Declaration of Michael A. Terhorst, ¶ 3, ECF No. 54.) It was not until a later date that defense counsel learned that Defendants Bedi and Martinez were not employed by the California Department of Corrections and Rehabilitation ("CDCR") and had not been served. (Id.) At the pre-trial conference, Plaintiff admitted to counsel that he was aware that Defendants Bedi and Martinez had not been served and, for that reason, no discovery had been propounded to them. (Id., ¶ 4.) Defense counsel has taken remedial steps to ensure that this situation does not occur in the future by instituting a firm wide policy that no responsive pleadings are to be filed until the appropriate paperwork has been received from the California Department of Corrections and Rehabilitation. (Id., ¶ 11.) Based upon counsel's assurance that policies have been put in place to prevent this situation from occurring in the future, the order to show cause shall be discharged. Defense counsel is advised that any similar future incidents will result in the imposition of sanctions.

Prior to discovering that Defendants Bedi and Martinez had not been served this action was set for trial. Although Plaintiff was aware that Defendants Bedi and Martinez were not served, he he did not file a motion to have Defendants Bedi and Martinez served or a motion to dismiss them from the action. Therefore Plaintiff shall be ordered to notify the Court if he wishes to attempt to have Defendants Bedi and Martinez re-served and continue the trial until after service and further discovery occurs, or if he wishes to proceed to trial only against Defendants Moonga and Akanno. If Plaintiff wishes to proceed to trial against Defendants Moonga and Akanno, the remaining defendants will be dismissed with prejudice.

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause issued March 23, 2011, is DISCHARGED; and

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must notify the Court in writing that:

   a. He wishes to continue the trial and have Defendants Bedi and Martinez re-served; or

   b. He is willing to proceed only against Defendants Moonga and Akanno and have Defendants Bedi and Martinez dismissed from this action, with

1    prejudice; and

2    3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to
3         obey a court order.

IT IS SO ORDERED.

**Dated:   April 26, 2011**                          /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE