# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY ZAMARO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>G. MOONGA, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00580-BAM PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT BEDI SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>SHOW CAUSE DUE WITHIN THIRTY DAYS |

Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed February 12, 2009, against Defendants Moonga, Adanno, Bedi, and Martinez for deliberate indifference to medical needs in violation of the Eighth Amendment. On September 21, 2009, the summons was returned unexecuted for Defendant Bedi stating that no such person was employed per Kern Valley State Prison. (ECF No. 15.) An answer was filed on behalf of Defendants Moonga, Akanno, Bedi, and Martinez on November 2, 2009 (ECF No. 16.) At the telephonic trial confirmation hearing on February 10, 2011, defense counsel notified the Court that he did not represent Defendants Bedi and Martinez. An order to show cause why sanctions should not be imposed issued on March 23, 2011, defense counsel filed a declaration on April 21, 2011, and the order to show cause was discharged on April 26, 2011. (ECF Nos. 52, 54, 55.) Plaintiff was ordered to notify the Court if he wished to proceed to trial against only Defendants Moonga and Akanno or if he wanted to attempt to serve Defendants Bedi and Martinez. (ECF No. 55.)

On May 20, 2011, Plaintiff filed a request to have Defendants Bedi and Martinez served.

(ECF No. 57.) On May 27, 2011, an order issued directing the United States Marshall to serve Defendants Bedi and Martinez. (ECF No. 59.) After the summons for Defendant Martinez was returned unexecuted, a third order directing service issued, and the summons for Defendant Martinez was returned executed on October 3, 2011. (ECF No. 60, 61, 62.) On October 18, 2011, the summons was returned unexecuted for Defendant Bedi stating that per the Office of Legal Affairs, there was no record of Defendant Bedi being employed by CDCR and the contractor's list was checked and there was no record in staffing or medical records. (ECF No. 64.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, in this action Plaintiff has failed to provide information sufficient for the United States Marshal to identify the person to be served.. The Court will provide Plaintiff with the opportunity to show cause why Defendant Bedi should not be dismissed from this action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Bedi should not be dismissed from this action, pursuant to Rule 4(m); and

2.   The failure to respond to this order or the failure to show cause will result in Defendant Bedi being dismissed from this action being dismissed.

IT IS SO ORDERED.

Dated:   **October 24, 2011**              /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE