# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SAMMY ZAMARO,                                      CASE NO. 1:09-cv-00580-BAM PC

        Plaintiff,

        v.                                      ORDER DISMISSING DEFENDANT BEDI FOR
                                                   FAILURE TO EFFECT SERVICE OF PROCESS

G. MOONGA, et al.,

        Defendants.

_____/

Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed February 12, 2009, against Defendants Moonga, Akanno, Bedi, and Martinez for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  An order to show cause why Defendant Bedi should not be dismissed for failure to effect service of process issued on October 25, 2011.  (ECF No. 65.)

Plaintiff was specifically advised that pursuant to Federal Rule of Civil Procedure 4(m), the court may, on its own motion, after notice to Plaintiff, dismiss a defendant who has not been served within 120 days after the complaint has been filed.  Plaintiff was also advised that, so long as he provides the United States Marshal with the information necessary to identify the defendant, good cause exists to extend the time for service set out in Rule 4(m).  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  On November 30, 2011, Plaintiff filed a response stating that he has provided all the information available to him regarding Defendant

Bedi.  (ECF No. 67.)

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties . . . ." Walker, 14 F.3d at (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)).  As long as the plaintiff has provided "information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's dismissal of the unserved defendants is appropriate.

On September 21, 2009, the summons was returned unexecuted for Defendant Bedi stating that no such person was employed per Kern Valley State Prison.  (ECF No. 15.)  An answer was filed on behalf of Defendants Moonga, Akanno, Bedi, and Martinez on November 2, 2009.  (ECF No. 16.)  At the telephonic trial confirmation hearing on February 10, 2011, defense counsel notified the Court that he did not represent Defendants Bedi and Martinez.  An order to show cause why sanctions should not be imposed issued on March 23, 2011, defense counsel filed a declaration on April 21, 2011, and the order to show cause was discharged on April 26, 2011.  (ECF Nos. 52, 54, 55.)  Plaintiff was ordered to notify the Court if he wished to proceed to trial against only Defendants Moonga and Akanno or if he wanted to attempt to serve Defendants Bedi and Martinez.  (ECF No. 55.)

On May 20, 2011, Plaintiff filed a request to have Defendants Bedi and Martinez served. (ECF No. 57.)  On May 27, 2011, an order issued directing the United States Marshall to serve Defendants Bedi and Martinez.  (ECF No. 59.)  On October 18, 2011, the summons was returned unexecuted for Defendant Bedi stating that per the Office of Legal Affairs, there was no record of Defendant Bedi being employed by CDCR and the contractor's list was checked and there was no record in staffing or medical records.  (ECF No. 64.)

1    The Marshal has attempted to serve Defendant Bedi on two separate occasions.  The

2  information provided by Plaintiff was not sufficient to identify the party to be served.  In his response

3  to the order to show cause, Plaintiff states that cannot provide the Court with any additional

4  information to identify Defendant Bedi.  The Court does not find good cause to order the Marshal

5  to make a third attempt at service.

6    Accordingly, Defendant Bedi is HEREBY DISMISSED from this action, without prejudice,

7  for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).

8    IT IS SO ORDERED.

9  **Dated:    December 2, 2011**              **/s/ Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE