# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY ZAMARO, | CASE NO. 1:09-cv-00580-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND ORDERING DEFENDANT MARTINEZ TO FILE AN ANSWER |
| v. | |
| G. MOONGA, et al., | (ECF NO. 70) |
| Defendants. | ORDER FOR CLERK OF THE COURT TO SERVE A COURTESY COPY OF THIS ORDER ON THE LEGAL AFFAIRS DIVISION OF CDCR AND LITIGATION OFFICE AT KERN VALLEY STATE PRISON |
| / | TWENTY DAY DEADLINE |

Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 3, 2011, the United States Marshal returned an executed service of process on Defendant Martinez stating that Leslie Martinez, Defendant Martinez' daughter, a person of suitable age and discretion residing in Defendant's usual place of abode, had been served on September 23, 2011. On October 25, 2011, an order issued directing Defendant Martinez to file an answer or other responsive pleading within thirty days. Having received no response from Defendant Martinez, an order issued on December 2, 2011, directing Plaintiff to either file a motion to dismiss Defendant Martinez from this action or a motion for entry of default. On December 27, 2011, Plaintiff filed a motion for entry of default. On January 6, 2012, Defendant Martinez filed a notice challenging service of process on the basis that he had been out of the country on active military from August through November 2011.

Pursuant to Federal Rule of Civil Procedure 4(e), service of process may be effected by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." The Court is unable to find any authority, and Defendant has failed to cite any authority, that Rule 4(e) does not apply to members of the military on active duty. Therefore, Plaintiff has effected service of process on Defendant Martinez.

The Service Members Civil Relief Act, 50 U.S.C. App. 501, et seq., applies to service members actively serving in the military during the pendency of a legal action. Where the Court is aware that a defendant is serving in the military, "the court may not enter a judgment until after the court appoints an attorney to represent the defendant." 50 U.S.C. App. § 521(b)(2). Since the additional defendants in this action are currently being represented by an attorney through the California Department of Corrections and Rehabilitation, the Court shall deny Plaintiff's request for entry of judgment and order Defendant Martinez to file an answer or other responsive pleading.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for entry of default, filed December 27, 2011, is DENIED;
2. Within twenty days from the date of service of this order Defendant Martinez shall file an answer or other responsive pleading; and
3. The Clerk of the Court shall file a courtesy copy of this order on the Legal Affairs Division of CDCR and the Litigation Office at Kern Valley State Prison.

IT IS SO ORDERED.

Dated:   **January 11, 2012**           /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE