# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY ZAMARO,<br><br>        Plaintiff,<br><br>   v.<br><br>G. MOONGA, et al.,<br><br>        Defendants. | 1:09-cv-00580- BAM (PC)<br><br>**PRETRIAL ORDER**<br><br><u>Motions In Limine Deadline</u>: February 7, 2014<br><br><u>Opposition Deadline</u>: February 18, 2014<br><br><u>Motions In Limine Hearing</u>: February 25, 2014, at 9:00 a.m. in Courtroom 8 (BAM)<br><br><u>Jury Trial</u>:  March 3, 2014, at 8:30 a.m. in Courtroom 8 (BAM) |

Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter proceeds against Defendants Moonga and Akanno for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  The matter is set for jury trial on March 3, 2014.

The parties have submitted pretrial statements, and on January 29, 2014, the Court held a telephonic trial confirmation hearing.  Having reviewed the statements and the remainder of the file and having considered the issues raised at the telephonic trial confirmation hearing, the Court issues the instant Pretrial Order.

**I.      Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.

**II.** **Jury Trial**

Plaintiff has demanded a jury trial.

**III.** **Facts**

    A.    Plaintiff's Undisputed Facts

1. From August 7, 2007 to October 24, 2007, Plaintiff suffered serious to excruciating pain from acute liver failure and kidney failure, which ultimately resulted in surgical removal of his left kidney.
2. Defendants denied, delayed, ignored, dismissed, and minimized Plaintiff's serious medical needs while knowing that Plaintiff was in serious and excruciating pain.
3. Defendants also treated Plaintiff's medical needs inadequately and cursory, amounting to no treatment at all.
4. During the above dates, Plaintiff suffered serious and excruciating pain from migraine headaches, fever, loss of appetite, and felt physically ill. Plaintiff suffered from severe bone-ache throughout his body and was unable to hold food in his system without vomiting in violent convulsions. When Plaintiff had no food in his system he continued to experience vomiting convulsions. After about a week of these symptoms, Plaintiff's urine became very dark and bloody.
5. In 2004, Plaintiff was diagnosed with hepatitis C, a serious liver disease.
6. Defendants knew that Plaintiff had hepatitis C. The information of Plaintiff's hepatitis C existed in his medical file since 2004.
7. Plaintiff also verbally informed Defendants of his hepatitis C disease.
8. Defendants prescribed or knew that Plaintiff was prescribed and ingesting Acetaminophen (also known as Tylenol) which is universally medically known to aggravate and damage the liver of persons with the hepatitis C disease.
9. Each time Plaintiff was interviewed, reviewed or examined by Defendants, Plaintiff disclosed upon questioning that he had no allergies, but was hepatitis C positive.

///

B. <u>Plaintiff's Disputed Facts</u>

1. None. Plaintiff reserves his right to dispute any factual issues Defendants may present or argue.

C. <u>Defendants' Undisputed Facts</u>

1. Plaintiff is a California prisoner serving a life term, and has been incarcerated since March 17, 1999 for being convicted of 2 counts of murder in the 2nd degree involving fire arms. He is currently housed in the "SHU" at Pelican Bay State Prison.

2. Defendant Moonga is employed by the California Department of Corrections and Rehabilitation ("CDCR") as a registered nurse, and at the time pertinent to this lawsuit, was assigned to Kern Valley State Prison ("KVSP") as a registered nurse.

3. Defendant Akanno is employed by the CDCR as a medical doctor, and at the time pertinent to this lawsuit, was assigned to KVSP as a medical doctor.

4. The events that Plaintiff complains about occurred while he was incarcerated at KVSP.

5. On April 16, 2008, Plaintiff was transferred to Pelican Bay State Prison.

6. Plaintiff was diagnosed with Hepatitis C in 2004.

7. Plaintiff is an affiliate/associate of a prison gang.

D. <u>Defendants' Disputed Facts</u>

1. Whether Defendants Moonga and Akanno were deliberately indifferent to Plaintiff's serious medical needs from August 7, 2007 to October 24, 2007?

2. Whether Plaintiff's acute liver and kidney failure, which ultimately resulted in the surgical removal of his left kidney, were a direct result of Defendants Moonga and Akanno's care?

3. Whether Defendants were aware that Plaintiff had been diagnosed in 2004 with Hepatitis C, and failed to treat him properly leading to the loss of his kidney?

4. Whether Defendants were aware that Plaintiff had a urinary tract infection and allowed his urinary tract infection to go untreated?

5. All other factual statements or characterizations made by Plaintiff.

3

E.  Disputed Evidentiary Issues

Plaintiff reserves the right to object to evidentiary issues at a later date.

Defendants reserve objections to specific testimony and exhibits until trial.

Defendants anticipate that Plaintiff may try to offer opinion testimony on his medical condition, statutory or regulatory construction, or prison policies and procedures. Defendants object to any such testimony by Plaintiff because he is not qualified to render such opinions.

If Plaintiff or any other incarcerated witnesses testify, then Defendants will seek to impeach such witnesses by presenting evidence of prior felony convictions, pursuant to Rule 609 of the Federal Rules of Evidence.

**IV. Relief Sought**

A. Plaintiff's Requested Relief

This is an action for monetary damages. Plaintiff seeks compensatory damages in the amount of $1,000,000, and punitive damages in the amount of $1,000,000. Plaintiff also seeks declaratory relief.

Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). This action is set for trial. In the event the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights would be unnecessary. As stated on the record during the telephonic trial confirmation hearing, Plaintiff's request for declaratory relief is DENIED.

B. Defendants' Requested Relief

Defendants seek judgment in their favor, an award of costs, and an award of reasonable attorney's fees.

V.     **Points of Law**

    A.     Eighth Amendment – Deliberate Indifference to Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

    In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 10506. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

  C. Punitive Damages

  The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that the defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986).

**VI. Abandoned Issues**

  None.

**VII. Witnesses**

  The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

  A. Plaintiff's Witnesses

  1. Plaintiff

  2. Correctional Officer Sgt. Juarez

  3. Correctional Officer Swansey

  4. Correctional Officer Martinez

  5. Correctional Officer Brian

  6. Registered Nurse Campos

  7. Defendant Moonga

  8. Defendant Akanno

  9. Dr. Dennis Martinez

  10. Nurse Bedi

  11. Inmate Ortiz, H-91993

  12. Inmate Martinez, H-18859

///

B. Defendants' Witnesses

1. Defendant Moonga
2. Defendant J. Akanno, M.D.
3. Chief Medical Officer P. Lopez, M.D.
4. Custodian of records for CDCR or designated representative
5. Custodian of medical records for CDCR or designated representative
6. Defendants reserve the right to supplement their list of witnesses to include rebuttal witnesses.

All witnesses are to be made available at **9:30 a.m.** on the day of trial.

## VIII. Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

A. Plaintiff's Exhibits

1. Plaintiff's complaint filed on February 12, 2009
2. Health Care Service Request Form – CDC 7362 dated August 12, 2007
3. Health Care Service Request Form – CDC 7362 dated August 21, 2007
4. Health Care Service Request Form – CDC 7362 dated August 28, 2007
5. Physician's Orders CDC 3221 Form dated August 28, 2007, at 1900 hours
6. CDC 7254 Form dated August 29, 2007, at 1300 hours
7. CDC 7254 Form dated August 30, 2007, at 7:30 a.m.
8. Emergency Care Flow Sheet – CDC 7403 dated August 30, 2007, at 0955 hours
9. Kern Valley State Prison – Laboratory Results dated August 30, 2007, printed at 12:03
10. Emergency Care Flow Sheet – CDC 7403 dated August 30, 2007, at 1215 hours
11. CDC 7230 Form dated August 30, 2007, at 1640 hours

7

12. Physician's Orders – CDC 7221 Form dated August 30, 2007, at 1650 hours
13. Emergency Care Flow Sheet – CDC 7403 Form dated August 30, 2007, at 1840 hours
14. Physician's Orders – CDC 7221 Form dated August 30, 2007, at 1850 hours
15. Laboratory Report dated June 23, 2004
16. Emergency Room Report from CHW Central California Mercy Hospital Bakersfield dated August 30, 2007
17. Physician Request for Services Form – CDC 7243 Form dated October 31, 2007
18. Physician Request for Services Form – CDC 7243 Form dated August 20, 2007
19. Laboratory Report dated October 17, 2007, printed at 12:52 hours
20. All CDCR Medical Laboratory Reports dated August 30, 2007 through November 2007
21. All CDCR Physician Orders, Notes and Medical Forms dated August 2007 through November 2007
22. All CHW Central California Mercy Hospital Bakersfield Medical Forms dated August 30, 2007 through September 21, 2007
23. All CHW Central California Mercy Hospital Bakersfield Medical Forms dated October 24, 2007 through October 31, 2007
24. All Laboratory Reports from CHW Central California Mercy Hospital Bakersfield dated August 30, 2007 through September 21, 2007
25. All Laboratory Reports from CHW Central California Mercy Hospital Bakersfield dated October 24, 2007 through October 31, 2007
26. All CHW Central California Mercy Hospital Bakersfield Physician Orders, Reports, Notes dates August 30, 2007 through September 21, 2007
27. All CHW Central California Mercy Hospital Bakersfield Physician Orders , Reports, Notes dated October 24, 2007 through October 31, 2007
28. All Inmate Appeal Assignment Notice
29. CDCR Department Operations Manual ("DOM") Nursing Services Program Chapter 9

30. CDCR/DOC Operation Procedures Manual ("O.P.")

B. <u>Defendants' Exhibits</u>

1. Portions of Plaintiff's central file, including, but not limited to:

    a. Abstract of Judgment

    b. All Responses to Inmate Grievance Log No. KVSP-0-08-00176 and attachments

    c. CDC 128-c

    d. CDC 7219

    e. CDC 154-Bed Moves

2. Portions of Plaintiff's medical and mental health records from the California Department of Corrections, including, but not limited to:

    a. Physician or Interdisciplinary Progress Notes

    b. Physicians' Orders

    c. Mercy Medical Hospital Records dated 2007

    d. Mercy Operating Room Nurse's Notes

    e. CDC 7292 Health Record Reports

    f. Physicians Progress Notes, dated August – December 2007

    g. Pathology Reports

    h. Outpatient Medication Administration Records

    i. Physicians Progress Notes dated 2007

    j. Pathology Reports

    k. Outpatient Medication Administration Records

    l. Physicians Progress Notes, dated 2007

3. CDCR policies, regulations and memoranda, including:

    a. Department of Corrections Operation Manual Section 52020 et seq.

    b. Duty Statements for former Medical Technical Assistant

    c. Health Care procedures

The parties are to exchange exhibits that are not already in the possession of the other party, if they have not already done so, by **February 7, 2014**.

IX.   **Discovery Documents to Be Used At Trial**

Plaintiff intends to use the following discovery documents:

1. Plaintiff's deposition
2. Defendants' answer to the complaint
3. Plaintiff's First Request for Interrogatories to Defendant G. Moonga dated May 19, 2010
4. Plaintiff's First Request for Admissions to Defendant G. Moonga dated May 19, 2010
5. Plaintiff's First Request for Production of Documents dates May 19, 2010
6. Defendant G. Moonga's Response to Interrogatories Propounded by Plaintiff Sammy Zamaro dated July 1, 2010
7. Defendant G. Moonga's Response to Request for Admissions Propounded by Plaintiff Sammy Zamaro dated July 1, 2010
8. Defendant G. Moonga's Response to Request for Production of Documents Propounded by Plaintiff Sammy Zamaro dated July 1, 2010
9. Defendant G. Moonga's Request for Production of Documents dated May 14, 2010
10. Defendant G. Moonga's Interrogatories Propounded to Plaintiff Sammy Zamaro dated May 14, 2010
11. Defendant Jonathan F. Akanno Request for Production of Documents dated May 14, 2010
12. Defendant Jonathan F. Akanno Interrogatories Propounded to Plaintiff Sammy Zamaro dated May 14, 2010
13. Plaintiff Sammy Zamaro Response to Request for Production of Documents Propounded by Defendant G. Moonga dated July 26, 2010

14. Plaintiff Sammy Zamaro Response to Interrogatories Propounded by Defendant G. Moonga dated July 26, 2010

15. Plaintiff Sammy Zamaro Response to Request for Production of Documents Propounded by Defendant Jonathan F. Akanno dated July 26, 2010

16. Plaintiff Sammy Zamaro Response to Interrogatories Propounded by Defendant Jonathan F. Akanno dated July 26, 2010

Defendants reserve the right to offer documents produced by them in the course of discovery, including Plaintiff's deposition transcript and discovery responses.

## X. Further Discovery or Motions

Defendants intend to file motions in limine.

## XI. Stipulations

None.

## XII. Amendments/Dismissals

None.

## XIII. Settlement Negotiations

The parties are scheduled to participate in a settlement conference on February 13, 2014, before Magistrate Judge Kellison in Sacramento, California.

## XIV. Agreed Statement

None.

## XV. Separate Trial of Issues

As ordered during the telephonic trial confirmation hearing, the punitive damages phase, if any, will be bifurcated.

## XVI. Impartial Experts - Limitation of Experts

None.

## XVII. Attorneys' Fees

Plaintiff is proceeding pro se and is not entitled to attorney's fees. Defendants may seek attorneys' fees and costs if Defendants prevail at trial.

///

**XVIII. Further Trial Preparation**

    A.    <u>Motions in Limine Hearing</u>

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. <u>United States v. Heller</u>, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. <u>Id.</u> at 1111-12 (quotation marks omitted). Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984).

The deadline for service and filing of motions in limine is **February 7, 2014.** The deadline for service and filing of an opposition, if any, is **February 18, 2014.** An order may be issued prior to trial resolving these motions. Otherwise, a motion in limine hearing will be held on **February 25, 2014, at 9:00 a.m.** in Courtroom 8 (BAM), before the undersigned.

    B.    <u>Other</u>

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If the parties wish to submit a trial brief, they must do so on or before **February 25, 2014**. The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **February 25, 2014.**

Defendants may file proposed jury instructions as provided in Local Rule 163 on or before **February 25, 2014.** Defendants are only required to file proposed jury instructions relating to the substantive law underlying this action. If Plaintiff wishes to file proposed jury instructions, he must do so on or before **February 25, 2014.**

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered,

and containing citation of supporting authority, and the customary legend, *i.e.*, "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.  If filing proposed instructions, Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: bamorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **February 25, 2014**, pursuant to Local Rule 162.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **February 25, 2014**.  The Court will consider the parties' statements but will draft its own statement.  The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and two copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Harriet Herman no later than **February 25, 2014**.  Defendants' exhibits shall be submitted in binder form.  All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and labeled sequentially beginning with 1 (e.g., PX-1, PX-2, etc.).  All of Defendants' exhibits shall be pre-marked with the prefix "DX" and labeled sequentially beginning with 1 (e.g., DX-1, DX-2, etc.).

***

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

IT IS SO ORDERED.

Dated:   **January 29, 2014**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE