1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   SAMMY ZAMARO,                          )   Case No.: 1:09-cv-00580-BAM PC
                                            )
12                  Plaintiff,              )   ORDER GRANTING PLAINTIFF'S MOTIONS
                                            )   FOR ATTENDANCE OF INCARCERATED
13          v.                              )   WITNESSES ORTIZ AND RODRIGUEZ
                                            )   (ECF No. 100)
14   G. MOONGA, et al.,                     )
                                            )
15                  Defendants.             )
                                            )
16                                          )
                                            )
17   _____    )

18          Plaintiff Sammy Zamaro ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's

20   complaint, filed February 12, 2009, against Defendants Moonga and Akanno for deliberate

21   indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  A settlement

22   conference is scheduled for February 13, 2014, before the Honorable Craig M. Kellison.  A jury trial is

23   set for March 3, 2014.

24          On November 22, 2013, Plaintiff filed motions for the attendance of incarcerated witnesses at

25   trial.  Plaintiff requests the attendance of the following inmates:  (1) Everado Ortiz, H-91993; and (2)

26   Salvador Martinez, H-18859.  (ECF No. 100.)  On January 13, 2014, Defendants opposed the motions.

27   (ECF No. 106.)  The Court heard argument regarding the motions in the course of the Telephonic Trial

28

                                                    1

1    Confirmation Hearing held on January 29, 2014.  The motions are deemed submitted.  Local Rule

2    230(l).

3              In determining whether to grant Plaintiff's motions for the attendance of incarcerated

4    witnesses, the Court considers the following factors: (1) whether the inmate's presence will

5    substantially further the resolution of the case, (2) the security risks presented by the inmate's

6    presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until

7    the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717

8    F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994)

9    (district court did not abuse its discretion when it concluded the inconvenience and expense of

10   transporting inmate witness outweighed any benefit he could provide where the importance of the

11   witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515

12   U.S. 472 (1995).

13             As noted above, Plaintiff requests the attendance of inmates Everado Ortiz and Salvador

14   Martinez.  Plaintiff declares under penalty of perjury that Inmate Ortiz was his cellmate during the

15   month of August 2007 and that Inmate Ortiz has first-hand knowledge of the facts described in the

16   complaint.  (ECF No. 100, p. 2.)  Plaintiff also declares under penalty of perjury that Inmate Martinez

17   was his cellmate from September 21 through October 24, 2007, and that Inmate Martinez has first-

18   hand knowledge of the facts described in the complaint.  (ECF No. 100, p. 4.)

19             In opposition, Defendants argue that Plaintiff's motion should be denied because Plaintiff has

20   not presented an affidavit from the proposed witnesses and has not established that these inmates have

21   actual knowledge of the facts.  Defendants appear to believe that Plaintiff was required to submit

22   affidavits from the incarcerated witnesses.  This belief is incorrect.  As stated in the Court's Second

23   Scheduling Order, Plaintiff can establish a prospective witness's actual knowledge of relevant facts if

24   Plaintiff has knowledge that the prospective witness was an eyewitness to the relevant facts (e.g., a

25   cellmate) and Plaintiff submits a declaration under penalty of perjury.  (ECF No. 92, p. 3.)

26             Defendants also argue that Plaintiff's motion should be denied because it lacks the underlying

27   information required by the Second Scheduling Order.  In relevant part, the Second Scheduling Order

28   directed that any declaration submitted about a prospective witness's actual knowledge "be specific

2

about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred."  (ECF No. 92, p. 3.)

Although Plaintiff's declarations do not include specific information about the incidents at issue, they do include the following information:  (1) a statement identifying the incarcerated witnesses as Plaintiff's cellmates, (2) a statement identifying when these witnesses were Plaintiff's cellmates by month and year, and (3) a statement that these witnesses have actual firsthand knowledge of the facts described in Plaintiff's complaint.  (ECF No. 110, pp. 2, 4.)  The reference to Plaintiff's complaint provides sufficient information to the parties regarding the anticipated testimony of the incarcerated witnesses.  For example, with regard to Inmate Ortiz, Plaintiff's operative complaint includes the following allegations:

> 44.    Between August 23, 2007 and August 28, 2007, on two separate occasions, Zamaro and his cellie Ortiz attempted to call G. Moonga as G. Moonga was dispensing medication in Zamaro's housing unit.
> . . .
>
> 47.    On August 28, 2007, a different RN (John Doe #1) was dispensing medication in Zamaro's unit.  Zamaro's cellie signaled the RN to his cell and helped Zamaro explain the situation of Zamaro's condition.
> . . .
>
> 52.    On August 29, 2007, Zamaro was barely able to get out of bed after very little sleep.  Zamaro rolled onto the floor to cool his body.
>
> 53.    Early that same morning Officer Brian told Zamaro that he would be going to doctor's line some time that day.  Zamaro's cellie told Brian "look at him, can he go first?"  Brian immediately escorted Zamaro to see the doctor.
> . . .
>
> 57.    On August 30, 2007, Zamaro's cellie told Zamaro that he looked like he would die if he doesn't get help.
>
> 58.    Zamaro's cellie Ortiz thereafter call officer Swansey and stated "look, this dude is dying here."
> . . .
>
> 74.    After Zamaro was returned to his prison cell, Zamaro collapsed unconscious.  Zamaro's cellie called for help.  Eventually Sgt. Smith and other officers witnessed Zamaro unconscious until he came to.

3

75.     Zamaro was subsequently placed on a strecher [sic] and returned to Mercy Hospital via ambulance code 2.  Zamaro arrived in the late hours of August 30, 2007 and admitted in to care on August 31, 2007, early hours.

(ECF No. 1, ¶¶ 44, 47, 52-53, 57-58, 74-75.)  A cursory review of these allegations identifies the incidents, when and where they occurred, who was present, and how the prospective witness, i.e., Inmate Ortiz, happened to be in a position to see and hear what occurred at the time it occurred.

The operative complaint also includes sufficient information regarding the anticipated testimony of Inmate Rodriguez, who was Plaintiff's cellmate from September 21 to October 24, 2007. For example, Plaintiff alleges as follows:

78.  While Zamaro was awaiting surgery from Sept. 24, 2007 to Oct. 24, 2007, back in his prison cell, Zamaro began to feel ill once again with more vomiting.
. . .

81.     On October 16, 2007, G. Moonga came to Zamaro's cell to interview Zamaro, giving Zamaro the same old run around.  G. Moonga stated "your [sic] just going to have to wait" after Zamaro said he felt ill.

(ECF No. 1, ¶¶ 78, 81.)   Based on the sufficiency of the complaint, Defendants' argument regarding the lack of specificity in Plaintiff's moving papers is unavailing.  The Court finds that the presence of Inmates Ortiz and Rodriguez will substantially further the resolution of this case based on their eyewitness testimony.

Defendants further argue that transportation of these witnesses for trial would create serious logistical, financial and security problems.  Defendants posit, without any supporting evidence, that these inmates may be "high notoriety" and their presence could invite unwanted attention.  Although the Court must properly consider the security risks and costs associated with transportation of the incarcerated witnesses, such concerns do not appear to outweigh the benefits of eyewitness testimony regarding the events taking place at Plaintiff's cell, including Plaintiff's physical condition and his efforts to secure medical assistance.

Defendants also request a delay of the trial date while they investigate these surprise witnesses. The Court denies that request.  These potential witnesses have been known since at least the filing of

4

1  plaintiff's motion and pretrial statement on November 22, 2013, and as early as the filing of the

2  complaint.  The Court finds that these witnesses are not a surprise.

3          Based on the foregoing, IT IS HEREBY ORDERED as follows:

4      1.  Plaintiff's motion for the attendance of incarcerated witness Inmate Everado Ortiz, # H-

5          91993, is GRANTED;  and

6      2.  Plaintiff's motion for the attendance of incarcerated witness Inmate Salvador Martinez, #H-

7          18859 is GRANTED.

8

9  IT IS SO ORDERED.

10     Dated:   **January 29, 2014**          /s/ *Barbara A. McAuliffe*

11                                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28